P. ORD, Appellant, *v.* LITTLE, Administrator, &c., Respondent.

Section 222, of the act to regulate the settlement of the estates of deceased persons, allows compensation to the executors according to the rates established, upon the whole value of the estate, both real and personal; but this rule only applies where the administration is complete, and the estate is finally settled.

Where the administrator resigns, or is removed, leaving the administration incomplete, there is no fixed rule of compensation. The Probate Court should apportion it, in reference to the compensation fixed by law for the whole, according to sound judgment.

APPEAL from the District Court of the Third Judicial District.

On the 28th of August, 1850, an order was made by the Probate Court, Monterey County, directing the public administrator of Monterey County, P. Ord, to take possession and charge of the estate of W. R. Garner, deceased, of said county; the estate was duly appraised and possession taken of it by the said administrator. The estate consisted of a Ranch of 6895 acres and 8 lots in the town of Monterey, two of which were improved; and which was appraised at the sum of $24,742 55. At the time the administrator took possession of the estate, the Ranch near Monterey was under lease to the U. S. Quartermaster, at the monthly rent of $32; as appears by the administrator's account, which lease began July 1st, 1850, and expired 31st De-

cember, 1850.  The United States had also under lease a dwelling-house in Monterey, at the monthly rent of $100.  The administrator collected the rent of the Ranch and the house, which amounted to $1192; this was all the money he ever received belonging to the estate; and he disbursed $856 16 debts due by the estate.  He managed the estate prudently and faithfully; saved charges for counsel fees (he being an attorney at law), by appearing personally in court when necessary; and has faithfully delivered over to the administrator and guardian of the minor heirs, all the estate, title papers, &c.

The said public administrator filed his account 24th August, 1851; in it he charges the estate " commissions on $24,742 53, the value of the estate, as per inventory, at 15 and 10 per cent.: the property handed over and accounted for, to Milton Little, guardian and administrator, $1974."  The whole of this sum was disallowed by the Probate Court, who only allowed the administrator's commissions on $1192, cash collected by him on account of rents as aforesaid.  From this decision he appealed to the District Court of the Third Judicial District for Monterey County.  The following is a copy of the judgment of the Probate Court appealed from.

" Probate Court, Monterey County.

" In the matter of the estate of Wm. R. Garner, deceased. October Term, 1851.

"The court having had the account in the settlement of this estate, as rendered by P. Ord, public administrator, under advisement, refuses to allow such part of the same, as shows an item of percentage on the entire estate, whereas in fact, only the sum of $1192, as appears by said account, had actually been collected by said P. Ord, as public administrator to said estate; and the court ordered that the clerk do alter said account, so as to allow said P. Ord, as such public administrator, the percentage allowed by law on the said amount so collected by him only, and the amount having been so altered by the clerk, was so by order of the court audited and passed; and the same account as audited and passed, showing a balance in the hands of the said P. Ord as public administrator, in favor of the said estate of $166 64, it is ordered and adjudged by the court that the same

be paid into this court by the said P. Ord, administrator, &c., before the first day of the next term."

The District Court confirmed the above judgment of the Probate Court, at appellant's costs.

The administrator Ord, appealed.

It was admitted, that at the time of the surrender of the estate by the said public administrator, that it was, and still is, unsettled.

And by agreement of counsel, the case was submitted to the Supreme Court, without argument as to the amount of commissions upon the estate, if any, are due to the appellant, other than those allowed by the Probate Court.

*P. Ord*, for appellant.

*Ashley*, for respondent.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Section 222 of the act to regulate the settlement of the estates of deceased persons, providing for the compensation of the executor or administrator, allows him "commissions upon the amount of the whole estate, accounted for by him;" and a previous section requires him to take into his possession, "all the estate of the deceased, real and personal."

The language of the act admits of but one construction. It allows compensation to the executor according to the rates established, upon the whole value of the estate, both real and personal, but it evidently intends this rule to apply only to those cases where the administration is complete, and the estate finally settled. The law cannot be construed to mean that the same rate of compensation may be allowed to a succession of administrators of the same estate, for if that were so, the estate might be eaten up beyond the power of prevention.

Where, therefore, an administrator resigns, or is removed, leaving the administration incomplete, there is no fixed rule of compensation for the services he has rendered.

In such a case it is the duty of the Probate Court to examine into the nature and value of the services rendered, and comparing, as well as possible, that which has been done with what yet

19

remains to be done in the course of administration, to apportion the compensation which has been fixed by law for the whole, according to sound judgment.

The judgment is reversed, and the cause remanded.