## Estate of BEZER SIMMONS, Deceased.

### No. 2501; July 10, 1871.

**Public Administrator—Compensation.—When a Next of Kin Appears and Takes an Estate** out of the hands of the public administrator, the latter is to receive compensation as in any other case where an administrator has been removed and another appointed after a partial administration of an estate.

APPEAL from Probate Court, San Francisco County.

B. S. Brooks for appellant; Bartlett & Pratt for respondent.

See Estate of Simmons, 43 Cal. 543.

CROCKETT, J.—The value of the services of the counsel employed by the public administrator, in respect to the affairs and management of the estate, and whether the employment of counsel was necessary or proper, under the circumstances, were matters of proof in the court below. The probate court heard the testimony, passed upon these points and fixed the compensation. But the evidence on which this ruling was based is not brought up on this appeal; and yet we are asked to reverse the order, on the ground that the employment of counsel was unnecessary, and if necessary, that the compensation allowed is excessive. It is obvious that we cannot review the action of the probate court in these points, in the absence of the testimony. We cannot judicially know that it was unnecessary to employ counsel or that the amount allowed is too large. The same remark applies to the value of the services rendered by the administrator. Without having

the evidence before us, it is impossible for us to decide upon the reasonable value of his services.

But the appellant claims that the administrator is entitled to no compensation, as no money or property of the estate came into his actual possession. If this proposition be sound, an administrator who expends his time and labor in an honest and vigorous effort to obtain possession of the estate, and whose letters, without any fault of his, are revoked when he is on the eve of acquiring the possession of the property, would be entitled to no compensation whatever. This is the construction placed by counsel on section 314 of the probate act, which is in the following words: "The fees of public administrators shall be four per cent upon the amount of the estates administered by them, which percentage shall be the only compensation allowed for their services." In this case the court allowed the public administrator three per cent on the appraised value of the estate, though none of it had been reduced into his actual possession. It would be a somewhat too rigid construction of this section to hold that when the administration of the estate is taken out of the hands of the public administrator by the next of kin, after valuable services had been rendered by the former, he should receive no compensation whatever. The more reasonable rule is that established in Ord v. Little, 3 Cal. 287, in which it is decided that when an administrator has been removed and another appointed, after the estate has been partially administered, the aggregate amount of commissions on the whole estate shall be equitably apportioned between the outgoing and incoming administrator. This was the course pursued by the probate court in the present case, and, I think, correctly. Whether the apportionment was justly made, it is impossible for us to determine, in the absence of the evidence; and all the presumptions are in favor of the action of the court below. Nor have we the necessary data before us to enable us to decide whether the public administrator was guilty of negligence in the performance of his duties. At the hearing very substantial reasons may have been assigned on the proofs why he had not instituted actions for the recovery of the Sacramento property. The fact that he had no funds of the estate with which to defray the expenses of the litigation was of itself a forcible, if not a wholly satisfactory, excuse for

the delay. The creditors and heirs at law could not reasonably have demanded that the public administrator should advance his own funds for the recovery and preservation of the property. If the heirs at law to a valuable estate, which is held adversely, pay no attention to it and provide no funds for its recovery, they should not be heard to complain that the administrator has omitted to undertake the litigation at his own cost.

Judgment and order affirmed.

We concur: Sprague, J.; Wallace, J.; Temple, J.; Rhodes, C. J.