[No. 6,472. Department No. 2.]

## CARRILLO, GUARDIAN, ETC., v. McPHILLIPS.

GUARDIAN—TRUST FUND—TRUSTEE—PROMISSORY NOTE—ACTION FOR PERSONAL PROPERTY.—A promissory note was made to G. "or order, for the benefit" of certain minors, and was by him indorsed and delivered to the plaintiff, (the mother of the minors) and by her indorsed and delivered to the defendant, as a pledge to secure a debt of her own. Afterward the plaintiff was appointed guardian of the minors, and brought this action to recover the note or its value. *Held*, that the plaintiff, as guardian of the beneficiaries, was entitled to the possession of the note, and could maintain the action.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Brunson & Wells*, for Appellant.

If Garcia ever was trustee of the fund, he is so still, and he alone is entitled to the trust property, and not the guardian.

*Howard, Brousseau & Howard*, and *Bicknell & White*, for Respondent.

The instrument in controversy is the property of the minors, of whom the plaintiff is the guardian. Upon her qualification as guardian, it became her duty to take into her possession this note, as well as all other property of their estate. (Civ. Code, § 249 ; Code Civ. Proc. §§ 1753, 1754 ; Perry on Trusts, §§ 831, 835, 837 ; *Cook* v. *Tullis*, 18 Wall. 341 ; *Kitchen* v. *Bedford*, 13 id. 413 ; *Shaw* v. *Spencer*, 100 Mass. 382 ; *Corbitt* v. *Heisey*, 15 Iowa, 296.

SHARPSTEIN, J.:

On the 6th of August, 1874, O. W. Childs and five other persons made their promissory notes in writing, by which they promised : "On or before the day of the date of the minor children of John Rains, deceased, becoming of age, to pay to Joseph S. Garcia, or order, for the benefit of said children, the sum of $10,000, United States gold coin, with interest from the

1st day of September, 1874, until paid, at the rate of ten per cent. per annum, payable only every three months." Garcia afterward, in the same year, indorsed, transferred, and delivered said note to the plaintiff, and she afterward, on the 17th day of April, 1877, indorsed and delivered said note to the defendant herein as collateral security for the payment of a note of her own, made and delivered to the defendant on the same day. On the 17th day of April, 1878, the plaintiff was duly appointed guardian of the children of said John Rains, deceased, and after her said appointment, and before the commencement of this action, she demanded of the defendant and he refused to deliver to her the possession of said note.

The Court found that she was entitled to the possession of it, and rendered judgment accordingly. From that judgment and an order of the Court denying the defendant's motion for a new trial, this appeal was taken.

That Garcia violated his trust we have no doubt, and it was optional with the beneficiaries to look to him for the value of the property, or to follow it into the hands of any person who took it with notice of the trust. As it appears on the face of the note that he held it only as a trustee, no one could take it in ignorance of the trust. As the beneficiaries are infants and have a guardian, we think that the latter can maintain any action now for the recovery of the note that the beneficiaries, if of age, could.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.