[No. 13522.   Department One. — December 1, 1891.]

JENNETTE KRUMDICK, EXECUTRIX, ETC., APPEL-
LANT, *v.* DANIEL W. WHITE, RESPONDENT.

92  143
98  117
92  143
s107  39

AGENCY — POWER NOT COUPLED WITH INTEREST — TERMINATION — DEATH
OF PRINCIPAL. — Power granted to an agent to carry on the principal's
business, not vesting in the agent any interest in the subject-matter of
the agency, is terminated by the death of the principal.

ID. — PURCHASE WITH NOTICE OF PRINCIPAL'S DEATH — REPLEVIN BY EX-
ECUTRIX. — A purchaser of personal property of the principal from such
agent, after notice of the principal's death, takes no title, and the execu-
trix of the deceased principal may maintain an action of claim and de-
livery for the property against the purchaser.

APPEAL from a judgment of the Superior Court of
Lake County, and from an order denying a new trial.

The facts are stated in the opinion.

*Yell & Seawell,* and *Bond & Fishback,* for Appellant.

*Stanly, Stoney & Hayes,* and *R. W. Crump,* for Re-
spondent.

FOOTE, C. — This action of claim and delivery for
certain personal property was brought by the plaintiff
as executrix of the last will and testament of her de-
ceased husband, William Krumdick, against the defend-
ant, White, who had purchased the property from one
J. F. Edmunds, after Krumdick's death, of which White
had notice. Edmunds claimed the same by virtue of a
written instrument made by Krumdick in his lifetime,
while he lay wounded and unable to transact business.

The only claim under which Edmunds could have any
right to sell the property, and transfer the title thereto
to White, must be based upon the terms of the written
instrument which Krumdick made to Edmunds.

If at Krumdick's death the powers of agency given to
Edmunds ceased under that instrument, then he could
not sell the property, and under the testator's will the
executrix would have the right to the possession thereof.

The instrument was one which constituted Edmunds

the agent of Krumdick while disabled, to carry on his business as a hauler of freights, and to do all acts in that behalf which Krumdick could. But it did not vest any interest in Edmunds to the subject-matter of the agency confided and intrusted to him, and at Krumdick's death the power of Edmunds to sell ceased as to White, who had notice of Krumdick's death before the former purchased the property. (Civ. Code, sec. 2356.)

It is plain, therefore, that the jury found contrary to the evidence, under the sixth instruction granted by the court for the plaintiff.

In this view of the matter, it becomes unnecessary to discuss any other point made, and we advise that the judgment and order be reversed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.