[Civ. No. 494. Third Appellate District.—September 9, 1908.]

In re Trust Created by Deed of CHAS. H. LEAVITT, SIMEON SAWYER and MARY A. SAWYER to JEROME B. FARGO. GEORGE B. MERRILL, Succeeding Trustee, Appellant; FREDERICK KRONENBERG, Successor of Beneficiaries, Respondent.

DEED OF TRUST—VOID TRUST TO CONVEY—TRUST AS TO INCOME—COMPENSATION OF SUCCEEDING TRUSTEE.—A trust to convey to designated beneficiaries after the determination of an estate for life in the net income of the trust property is void, and a succeeding trustee, whose compensation is not fixed in the declaration of trust, can claim no commissions upon the *corpus* of the trust estate, but is entitled only, under section 1618 of the Code of Civil Procedure, to the commissions on the income actually accounted for by him during the existence of his trust.

ID.—EFFECT OF WAIVER OF COMPENSATION BY PRECEDING TRUSTEES.—The waiver of compensation by preceding trustees, whether intended for the benefit of the life tenant or for that of all the beneficiaries, cannot have any effect to increase the commissions on the income accounted for by the succeeding trustee, whose compensation must have reference to the rights of the preceding trustees, whether asserted by them or not.

ID.—ALLOWANCE OF COMMISSIONS ON LIFE ESTATE SOLD—APPEAL BY TRUSTEE—ERROR AGAINST RESPONDENT NOT CONSIDERED—AFFIRMANCE.—The question whether the court erred in allowing commissions to the succeeding trustee on the whole value of the life estate, which was sold to the respondent during his incumbency of the trust, cannot be considered, upon an appeal by the trustee only, who claims a greater compensation than that allowed, to which he is not entitled, and in such case the order adjusting his compensation must be affirmed.

APPEAL from an order of the Superior Court of the City and County of San Francisco, fixing the compensation of a succeeding trustee under a deed of trust. J. A. Hosmer, Judge.

The facts are stated in the opinion of the court.

George B. Merrill, Appellant, *in pro. per.*

Edmund Tauszky, for Respondent.

HART, J.—On the twentieth day of October, 1882, Charles H. Leavitt, Simeon Sawyer and Mary A. Sawyer, his wife, conveyed to Jerome B. Fargo a portion of fifty-vara lot No. 1 in the Western Addition, block No. 512, on the northwest corner of Fulton and Devisadero streets, in the city and county of San Francisco, in trust for the following uses and purposes, to wit:

First—To keep the buildings on said premises insured, and pay the insurance and taxes on said premises.

Second—After payment of the insurance and taxes, to pay the net income of said premises to said Mary A. Sawyer monthly during the term of her natural life.

Third—Upon the death of said Mary A. Sawyer to convey said premises to certain designated beneficiaries.

Said deed was duly acknowledged and recorded in the office of the county recorder of said city and county on the twentieth day of October, 1882; that before being so recorded said Fargo in writing indorsed· upon said deed his acceptance of said trust. Immediately upon the recordation of said deed, said Fargo entered upon and proceeded to discharge the duties of such trustee, and continued to act as such until his death, which occurred on the sixth day of January, 1896.

On the sixth day of August, 1896, the court, upon the petition of the parties in interest, appointed John C. Winans as trustee in the place of said Jerome B. Fargo, deceased, and said Winans thereafter duly qualified and then entered upon the discharge of his duties as such trustee, and continued to act as such until his death some time in the year 1903.

Frederick Kronenberg, having, by mesne conveyances, succeeded to the interests of all the beneficiaries named in said deed of trust, except the interest of the said Mary A. Sawyer, petitioned the superior court for the appointment of a trustee of said trust to fill the vacancy in said trusteeship created by the death of said Winans, and on the eleventh day of November, 1905, in accordance with the prayer of said petition, the court appointed the appellant herein, George B. Merrill, to the position of trustee of said trust.

On the fifteenth day of November, 1905, said Merrill filed an undertaking in accordance with the order of the court appointing him trustee, took his oath of office and proceeded to perform the duties of his trust.

On the fourth day of December, 1905, the court made the following order fixing the compensation of said trustee as such: "On reading and filing the stipulation of the parties herein it is ordered that George B. Merrill, trustee, herein may retain to his own use, out of his receipts as such trustee, the sum of ten dollars per month, on the first day of each and every month on account of his compensation for his services as trustee, any further compensation as such trustee to be determined by the court upon the settlement of his final account as such trustee."

On the sixteenth day of March, 1906, a petition, previously filed, praying for the termination of the trust, was heard by the court. In this proceeding the account of the trustee, Merrill, with said trust, was filed and considered. The account exhibited the receipts and disbursements of moneys on account of the trust, and on the 19th of March, 1906, the court made its order allowing and settling said account. On the twenty-third day of March, the matter having been continued to that day to be heard, the court received testimony and heard arguments as to the matter of the compensation of the trustee for his services in the performance of the duties of the trust, and on the twenty-sixth day of March made an order fixing the same at the sum of $190, "less the sum of fifty dollars already paid him," the same representing a commission of seven per cent on $1,000 and four per cent on $3,000 of the sum for which the life estate was sold. Appellant excepted to this order. In this proceeding evidence was heard showing the total value of the trust property to be $25,400, and that Mary A. Sawyer had agreed to sell her life estate in said property for the sum of $4,000 to said Kronenberg, and the latter had agreed to buy the same for the consideration named. The evidence upon the points mentioned was not disputed—in truth, the facts thus found were admitted.

This appeal is taken from the order fixing the compensation of the trustee for his services as such.

The declaration of trust being silent upon the subject of the trustee's compensation, the regulation or fixing thereof is controlled, by express authority of section 2274 of the Civil Code, by section 1618 of the Code of Civil Procedure. The contention of appellant is that he is entitled to compen-

sation based on commissions on the value of the entire trust property.

The contention of Kronenberg is that the appellant is entitled, at the most, to compensation only upon the basis of the amount for which the life interest of Mary A. Sawyer was sold, to wit, on said sum of $4,000 "for the portion of the period during which he had served as trustee."

Section 2274 of the Civil Code provides in part: "Except as provided in section 1700 of the Code of Civil Procedure, when a declaration of trust is silent upon the subject of compensation, the trustee is entitled to the same compensation as an executor." Section 1700 of the Code of Civil Procedure, *supra*, relates to the fixing by the court of compensation and the allowance of necessary expenses to be paid to the trustee of a testamentary trust which the trust clause of the testament authorizes to be continued after the distribution of the estate.

Under the claim of the appellant, if tenable, that he is entitled to compensation on the *corpus* of the trust property and not alone upon the value of the life estate therein of Mary A. Sawyer, the court should have allowed him as compensation, by virtue of the terms of section 1618 of the Code of Civil Procedure, an amount aggregating the sum of $851.08, less the sum of $50 already received by him. This figure would represent the legal commissions not only on the *corpus* of the trust estate, but also in addition commissions on the amount for which he rendered an account.

It will be observed, from the statement of the facts, that Fargo served as trustee for fourteen years, Winans for seven years and the appellant for four months. The evidence shows that Fargo and Winans made no charge for their services. The account filed by the appellant as trustee shows that, during the brief period of his incumbency in that office, his services consisted exclusively of paying the taxes and insurance on the trust property with money furnished him by Mrs. Sawyer and in the collection of five months' rent at $100 per month, and paying the same over to Mrs. Sawyer, less $10 per month, which he was authorized by the court's order to retain as part of the compensation to which he was entitled as trustee. · Indeed, the services thus enumerated were all that he was required to perform by the terms of the trust.

Section 1618 of the Code of Civil Procedure, in accordance with the provisions of which, by authority of section 2274 of the Civil Code, the compensation of the appellant must be fixed, the declaration of trust being silent on the subject of compensation, among other things, provides: "When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of estate *accounted for by him,* as follows": Then follows a specification of the commission to which, under the circumstances mentioned, he would be entitled.

It is clear, from his account, that the property in reality *accounted for by him* consisted entirely of the moneys received by him for the benefit of the life tenant or beneficiary and the money received from Mrs. Sawyer with which to pay insurance and taxes. Undoubtedly, the purpose for which a trustee was named in the trust deed was to thus provide for the care and protection of the life interest in the trust property of Mary A. Sawyer and for a proper execution not only of that provision of said trust, but, upon the death of the life tenant, to convey the property to those entitled to it, under the terms of the deed, in remainder. But the trust to convey being void (Civ. Code, secs. 847, 857; *Estate of Fair,* 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 100]), there was consequently nothing remaining for the trustee to do but to attend to the matter of the collection of the rents, etc., and paying the taxes and insurance on the property.

Whether, however, under the provisions of section 1618 of the Code of Civil Procedure, the court was right or not in allowing the appellant commissions on the price at which the life estate was sold instead of upon the money constituting all the tangible property actually *accounted for by him,* a proposition we are not asked to decide here, we are perfectly satisfied that he is not entitled to commissions upon the *corpus* of the trust property. And if the court had made the allowance of his compensation on the value of the entire property, the appellant could not justly claim the full amount of the commissions allowed upon that basis, for the shares in such commissions to which his predecessors would respectively have been entitled but for their waiver of compensation would have to be deducted. It will not seriously be contended that where there is a succession of administrators of the same estate each shall be entitled to the same rate of compensation, "for if

that were so, the estate might be eaten up beyond the power of prevention." (*Ord* v. *Little,* 3 Cal. 287, speaking of commissions of an executor under the section of the old probate act, corresponding to section 1618 of the Code of Civil Procedure.)    As is said in the case of *Estate of Barton,* 55 Cal. 87: "The administration of an estate is an entirety; there may be different persons in office at different times, or at the same time, but the claim of each to compensation must be considered with reference to the rights of each and all the others."    So in the case at bar—if the compensation were to be based on commissions on the value of the entire trust property, the appellant's compensation would have to be adjusted with reference to the rights of his predecessors in the office of trustee.

From what we have said it is obvious that our opinion is that there is no merit in the proposition, which appellant's position necessarily assumes, that the waiving of compensation by his predecessors leaves the field open to him to claim the full commissions which would be allowable on the *corpus* of the property.    Why they waived their right to compensation the record does not inform us, but in doing so they manifestly intended it as a benefit to the beneficiaries of the trust estate—perhaps particularly for the benefit of the life tenant—and not to the appellant or any other person who might succeed to the trusteeship.

We have stated that there is no demand here for a decision of the question whether the court should have fixed the rate of appellant's compensation on the amount for which the life estate was sold, its presumable value (*Estate of Fernandez,* 119 Cal. 579, 585, [51 Pac. 851]), or upon the amount actually received and disbursed by him, for the respondent appears to be satisfied with the order appealed from.    But it may not be improper to suggest that it has been held by very high authority that the proper basis of compensation in a case in which the character of the trust and the nature and extent of the duties imposed upon the trustees are very much similar to those in the case at bar are the commissions upon the sums of money or their equivalent received and paid out by the trustee.    (*Phoenix* v. *Livingston,* 101 N. Y. 451, [5 N. E. 70].) In that case the fee in the trust property did not pass.    In this case the trust to convey was a futile attempt to vest the trustee with the fee in the trust property.    Hence, the situ-

ation is the same as if no attempt had been made to pass the fee to the trustee. There was, therefore, nothing left of the trust but the power in the trustee to execute its terms as to the life estate. He obviously was without power to make a final disposition of the *corpus* subject to the trust after the termination of the life estate. In other words, upon the termination of the life estate, the trust, *ipso facto*, terminated. So, it is to be seen the case here is almost, if not quite, identical as to the facts with the case cited. In any event, it is plainly apparent that, considering the labor performed, and a most liberal, even if not a legal, measure of compensating the trustee having been adopted by the court, the appellant has no just reason to complain of the order from which he has appealed, and while, in view of the fact that the respondent does not complain of the order, the same should be affirmed, we refrain from expressing either approval or disapproval of the basis upon which the court below fixed appellant's commissions.

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 2, 1908.