[L. A. No. 2368.   Department One.—June 23, 1909.]

In the Matter of the Estate of GEORGE HEBERLE, Deceased.   JACOB HEBERLE, Appellant, v. TRUSTEES UNDER WILL et al., Respondents.

TRUST CREATED BY WILL—SUSPENSION OF POWER OF ALIENATION—DURATION OF LIVES IN BEING.—A trust created by will, which can by no possibility suspend the power of alienation beyond the duration of lives in being at the death of the testator, is not unlawful under section 715 of the Civil Code.

ID.—LAWFUL PROVISIONS OF TRUST.—The provisions of a will giving all of the estate to two trustees, and providing for the investment of a specified sum, and the payment of the income thereof to a person for

his life, and for disposition thereof after his death, and that within a reasonable time after distribution of the estate to them, if it can be done within one year, or in case of low market, within such further time as may be reasonable, they are to convert the residue into cash and pay the same to a sister of the testator, or in case of her prior death, to certain of her children, are valid.

ID.—LAWFUL DISTRIBUTION TO TRUSTEES.—A distribution of the estate to the trustees to be disposed of by them according to the terms of the will was proper.

ID.—DEATH OF SISTER PRIOR TO DEATH OF TESTATOR—PROPER DIRECTION TO PAY RESIDUE TO CHILDREN PROVIDED FOR, INCLUDING GRANDCHILDREN.—Where the sister to whom the residue was provided to be paid died prior to the death of the testator, the residue did not thereby lapse nor pass to the heirs, but the provision for payment of the residue, in case of her prior death, to her children, became applicable under section 1343 of the Civil Code; and the decree of distribution properly directed the payment of the residue to them, including the grandchildren of any deceased child by right of representation.

ID.—ALIENATION NOT SUSPENDED—POWER OF CHILDREN TO DISPOSE OF VESTED RIGHT.—The sister having died before the death of the testator, the right to the residue vested immediately in the children designated, with full power in them to dispose of it as they may choose. Neither the requirement that it should be converted into money, nor the direction to the trustees, in case of a low market, to take a reasonable time to sell the property, nor the delay necessary for administration and conversion, operated to suspend the power of the children to dispose of their right to the residue.

ID.—DUTY OF TRUSTEES TO AVOID SACRIFICE OF PROPERTY.—It was the duty of the trustees, without such specific direction, to take the reasonable time that might be required to avoid a sacrifice of the property in selling it.

ID.—DISCRETION OF TRUSTEES NOT ABSOLUTE—POWER OF COURT.—The discretion of the trustees was not absolute; and the power of the court could be invoked at any time to prevent an unreasonable delay.

APPEAL from a decree of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, and F. R. Willis, for Appellant.

Lee & Chase, and Murphy & Schmidt, for Trustees, Respondents.

Edward F. Wehrle, and F. C. Valentine, for children of deceased sister, Respondents.

Wm. J. Danford, for Eva Dickhoff, Respondent.

W. G. Weyse, for children of Martin Heberle, Respondents.

SHAW, J.—This is an appeal from a decree of distribution.

The deceased left surviving, as his heirs at law, the appellant, Jacob Heberle, who was his brother, the children of a deceased brother, Martin Heberle, and the children of a deceased sister, Anna Maria Heberle Mootz. He died testate and the controversy causing this appeal arises over the construction of his will.

The will gave all of the estate to two trustees, with specific directions as to its disposition. After providing for the investment of twelve thousand dollars and the payment of the income thereof to Jacob Heberle, or to his use, during his life, and for its disposition after his death, and specifically disposing of a certain lot of land, the following clause appears:—

*"Eighthly,—*

"That my said trustees shall, within a reasonable time after the distribution of said estate to them, convert all of the residue and remainder of my said estate into cash and pay the same to my said sister, Anna Maria Heberle Mootz, and in case of her death, prior to her receiving said residue, then that the same shall be divided equally among all of her children, except the said Eva Dickhof, share and share alike."

A subsequent clause directed the trustees to convert the residue into cash "if they can do so within one year after the said property is distributed to them, . . . but in case of a low market or where loss might ensue by the conversion of said property into cash, then they may take such further time as may be reasonable—it being my intent and purpose that my said estate shall be made to bring a reasonable amount for distribution to my said sister or her children." It further provided that the trustees should administer the trust under the supervision of the court having jurisdiction of the administration of the estate.

The estate was distributed to the trustees to be disposed of by them as provided in the will. Anna Maria Heberle Mootz

died prior to the death of the testator. The trustees were directed to pay over the residue, when converted into money, to her children and grandchildren, except Eva Dickhof, the word "children" being construed to include grandchildren. The appellant claims that the trust as to this residue is void, and consequently, that said property should have been distributed to the heirs at law.

It is urged that the disposition of the residue violates section 715 of the Civil Code forbidding the suspension of the power of alienation beyond the continuance of the lives of persons in being. Under no circumstances possible under the provisions of this will could there have been an unlawful suspension of the power of alienation. If Mrs. Mootz had survived the testator, and the will had been construed to give her a contingent estate in the residue and to suspend her power to dispose of it until it became vested by payment to her, the deprivation would extend only until she had received it, or until by her death before that event the right had vested absolutely in the children designated as her successors, who would then immediately have power to alienate the same. In either case the period of suspension would not have reached beyond the termination of her life. If that interpretation were given to the will, there would be uncertainty, in case of her survival, as to the ultimate ownership of the residue, until the payment to her, or her death before payment, had made the ownership certain, but such uncertainty would continue only until one of these events occurred, which could not be later than her death. A suspension of the power of alienation during the life of a person in being at the testator's death, and no longer, is not unlawful.

The fact is that she died before the testator and, as she never became entitled to the residue, the right to it vested in the designated children immediately upon the death of the testator, with full power in them to make any disposition thereof they chose. Neither the requirement that it should be converted into money, nor the direction to the trustees, in case of a low market, to take a reasonable time to sell the property, nor the delays necessary for administration and conversion, operated to suspend the power of the children to dispose of their right to the residue. (*Estate of Campbell,* 149 Cal. 717, [87 Pac. 573]; *Estate of Pforr,* 144 Cal. 121,

[77 Pac. 825]; *Toland* v. *Toland,* 123 Cal. 143, [55 Pac. 681].)
It would have been the duty of the trustees, without such
direction, to take the reasonable time that might be required
to avoid a sacrifice of the property in selling it. The power
of the court could be invoked at any time to prevent an unrea-
sonable delay. The discretion of the trustees was not absolute.

There is no merit in the claim that the legacy lapsed by
reason of the death of Mrs. Mootz before the testator died.
The case falls within the provisions of section 1343 of the
Civil Code, declaring that the disposition, in such a case, does
not fail when the will shows an intention to substitute some
other person in place of the original legatee who dies in the
testator's lifetime.

The decree of distribution is affirmed.

Angellotti, J., and Sloss, J., concurred.