[Civ. No. 3076. First Appellate District, Division One.—December 10, 1919.]

JOSEPH LAWRENCE, Respondent, v. GEORGE M. WILSON et al., Defendants; HERMAN DETELS et al., Appellants.

[1] TRUSTS—SUPPORT AND MAINTENANCE OF GRANTOR AND HUSBAND—POWER TO MORTGAGE—TERMINATION OF.—Where a deed of trust provides that the trustee is to hold the trust property during the life of the grantor and her husband and the survivor of them, and during said period to receive the rents and profits and apply the same to the use of said grantor and her husband during their lives, and upon the death of the survivor of them to convey said property to certain named children, a further provision authorizing the trustee to mortgage, lease, or sell the said property in case the rents and profits shall be insufficient to pay for the maintenance of said grantor and her husband while they live and to hold or invest or apply the proceeds to the support and maintenance of the grantor and her husband "while they both live," must be construed as authorizing the trustee to encumber the property at any time during the life of the grantor and her husband and the survivor of them.

[2] ID.—LOAN BY HUSBAND TO WIFE, AS TRUSTEE—MORTGAGE AS SECURITY—VALIDITY OF.—Where a wife, as trustee, is authorized to mortgage the trust property as security for a loan, her husband may make her a loan of community money, taking a mortgage on the trust property as security, so long as the transaction is fair and conducted in the fullness of good faith, and where such loan

is not paid he is entitled to foreclose his mortgage on the property.

[3] HUSBAND AND WIFE—COMMUNITY FUNDS—INTEREST OF WIFE.—The interest which the wife has in community funds is not a vested interest, but a mere expectancy.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. L. Nagle and P. B. Nagle for Appellants.

S. Laz Lansburgh for Respondent.

RICHARDS, J.—This was an action to foreclose a mortgage executed by one Mabel Lawrence to the plaintiff, her husband.

The facts of the case, concerning which there is no material dispute, may be briefly stated as follows: On the tenth day of July, 1914, Elizabeth Wilson, who was the mother of said Mabel Lawrence, executed to her a deed of trust covering the property involved in this action, wherein she was directed, as such trustee, to hold said property in trust during the life of the grantor, Elizabeth Wilson, and her husband, Peter S. Wilson, and the survivor of them, and during said period to receive the rents and profits of said property and apply the same to the use of said Elizabeth Wilson and her said husband during their lives, and upon the death of the survivor of them to convey said property in fee simple to certain children of said Elizabeth Wilson and her husband in equal proportions as tenants in common thereof, it being provided that if any of said children be dead at the time set for said conveyance by the trustee the share of such deceased child should be conveyed in equal shares to his or her children; and if there were no children of such deceased child, then such share was to be equally divided among the other surviving children of said Elizabeth Wilson. The deed of trust further contained the following provision: "In case in the judgment of said trustee under said deed of trust the rents and profits of said real estate should be insufficient to pay for the maintenance of the said Elizabeth M. Wilson and her said husband while they live, the said trustee was thereby

empowered to mortgage, lease or sell the said real property or any part thereof, and to hold or invest or apply the proceeds to the support and maintenance of the said Elizabeth M. Wilson or her said husband while they both lived.'' It further appears from the evidence that Elizabeth Wilson died intestate on January 1, 1915, and that her husband, Peter S. Wilson, died testate on September 9, 1916, and that Mary Wilson, one of the children of Elizabeth and Peter S. Wilson named in said deed of trust, died on June 25, 1916, leaving at the time of her death six surviving minor children, who, are joined as defendants in this action. On the 11th of March, 1916, after the death of Elizabeth Wilson, the grantor in said deed of trust, but while her husband, Peter S. Wilson, was still living, Mabel Lawrence borrowed from her husband, Joseph Lawrence, the plaintiff herein, the sum of one thousand eight hundred dollars, for which she gave her promissory note, which was also signed by George M. Wilson and Daniel T. Wilson, the two sons of Elizabeth M. Wilson named in said deed of trust, which said promissory note was secured by a mortgage executed by said Mabel Lawrence, as trustee, upon the trust property. This loan being unpaid the present action was instituted for the foreclosure of said mortgage, the surviving children and the above-named grandchildren of Elizabeth and Peter S. Wilson being joined with the said mortgagor as parties to the action.

It was alleged in the complaint herein, and proven at the trial, that said Mabel Lawrence, ''having determined that in her judgment the rents and profits of the said real property were insufficient to pay for the maintenance of said Peter S. Wilson, borrowed of and from this plaintiff, and this plaintiff then loaned to her, the sum of one thousand eight hundred dollars.'' The defendants, Mabel Lawrence, Daniel T. Wilson, and George M. Wilson, defaulted, but the remaining defendants, consisting chiefly of the above-named grandchildren of Elizabeth and Peter S. Wilson, appeared and presented several defenses to said action, and the cause went to trial upon the issues thus tendered. At the conclusion of the trial findings were waived by the respective parties, and the court thereupon made and entered its decree of foreclosure, by which the issues in the case were determined in favor of the plaintiff, and a decree was entered in accordance

with the prayer of his complaint, and it is from such decree that this appeal has been taken.

There are two main contentions urged by the appellants upon this appeal. The first of these is that under the terms of the trust conveyance above quoted the trustee had no power to make the mortgage in question, for the reason that, as claimed by the appellants, her power so to do was limited to a time when Elizabeth Wilson, the grantor in said deed of trust, and her husband, Peter S. Wilson, were both living. This contention is predicated upon that portion of the clause in said deed of trust above quoted, wherein said trustee was directed to hold or invest or apply the proceeds derived from any mortgage, lease or sale of the trust property "to the support and maintenance of said Elizabeth M. Wilson or her said husband *while they both live.*"

[1] If this excerpt from the provision of said deed of trust above set forth stood alone, it might suffice to justify the construction which the appellants seek to have placed upon said trust conveyance; but when the entire clause in said deed of trust from which said excerpt is taken is considered, it would seem to be entirely plain that the purpose for which the trustee was vested with the title to said property and was also vested with the power to encumber the same was to provide means for the support and maintenance of her father and mother so long as either of them should live. This express intent is to be derived from the portion of said clause above quoted and of the clause therein which precedes the same; and this being so, to hold that the trustee was invested with the title to the property in question for the purpose of applying the rents and profits thereof to the uses of her father and mother during their lives and the life of the survivor of them, and in the event such rents and profits were insufficient for such purpose to mortgage, lease, or sell said property in order to effectuate the same, and yet to so construe the terms of said trust deed as to restrict these powers of the trustee to a time during which Elizabeth M. Wilson and her husband were both living would be to place upon the foregoing clause in said trust deed a construction entirely inconsistent with the apparent purposes of the instrument taken as a whole, and would be to defeat one of its beneficent purposes, namely, that of providing for the care and maintenance of the surviving parent of said trustee.

We hold, therefore, that this contention on the part of the appellants is without merit.

[2] The next and final contention of the appellants is that Mabel Lawrence, the trustee named in said deed of trust, had no power to make the note and mortgage in question to her husband for a loan of community funds to her as such trustee, and that her said husband, as the mortgagee named in said mortgage, could not engage in the transaction of loaning community funds to his wife in the capacity of such trustee, since the said trustee, in borrowing said money and in giving said note and mortgage, was practically loaning to herself as trustee moneys in which she had a vested interest arising out of the fact that they were the community funds of her husband and herself, and also, since the husband, in attempting to loan the moneys of himself and wife to the latter as the trustee of certain property to be taken as security for said loan, was in substance and effect engaging in a transaction which the rules of equity governing the administration of trusts would not permit to be sustained.

This contention in either of its phases is without substantial merit, since the record shows that the trustee, before attempting to borrow the money in question from her husband, made an earnest endeavor to secure the needed funds for the support of her surviving parent from other sources, and it was only after it was found to be impossible so to do that she applied to her husband for the loan of said money. The record further shows that, while it seems to be conceded that the money which the plaintiff loaned to said trustee was community property, the transaction was in every respect fair and open. [3] The interest which the wife had in these community funds was not at the time said loan was made a vested interest, but was a mere expectancy under the authority of *Spreckels* v. *Spreckels,* 116 Cal. 339, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Spreckels* v. *Spreckels,* 172 Cal. 780, [158 Pac. 537]; *Estate of Moffatt,* 153 Cal. 360, [20 L. R. A. (N. S.) 207, 95 Pac. 653]. Under the law as it existed when said loan was made the husband had full control of the community property, and could loan the same to any person, and even to his wife personally or in the capacity of a trustee, so long as the transaction was fair and conducted in the fullness of good faith. From the record herein there is nothing which appears to indicate that

this transaction between husband and wife was not conducted in the fullness of good faith, and there is no reason, therefore, for holding that it should be frowned upon by a court of equity, or that the plaintiff, having loaned his money and having taken a mortgage to secure the payment thereof, was not entitled to all the remedies in the way of foreclosure of such mortgage which were awarded him by the decree of the trial court herein.

No error appearing in the record, the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.