[Civ. No. 6308. Second Appellate District, Division Two.—June 24, 1929.]

In the Matter of the Estate of ANNA DAKIN JONES, Deceased. J. HAWLEY JONES, Appellant, v. FRANK BRYSON, as Administrator, etc., et al., Respondents.

William L. Kuehn and Arthur Loveland for Appellant.

Winter, Combs & Ritchie for Respondents.

CRAIG, J.—This is an appeal from a final decree of distribution entered by the Superior Court of Los Angeles County in the above-entitled cause. All of the property of the estate of Anna D. Jones, deceased, was distributed to Anna Mabel Jones. The deceased left a will, the dispute concerning the construction of which produced this litigation. It reads as follows:

"Dated March 28, 1916

"I, Anna D. Jones of Pasadena, Los Angeles, Co. California, of the age of 60 years, and being of sound mind and memory, do declare this to be my last will and testament, as follows: I do hereby give, devise and bequeath all my estate of every name, and kind, and wheresoever the same may be situated to my sisters, Sara Jones McAdam and Emma Jones Nixon. I wish the sum of ($200.00) two hundred dollars to be taken from the estate and given to Emma

Jones Nixon, the remainder to be shared equally between them.

"For reasons known to him I give nothing to my brother J. Hawley Jones, Charleston, W. Va.

"My wishes in regard to him and my sister Jennie Jones, Deerfield, N. Y., my sisters will carry out as need arises. They are to give keepsakes to Nellie Patrick Jones and Anna Mabel Jones, Oakland, Minn., Selecting those most suitable.

"In the event of the death of either sister, the survivor inherits, and on the death of the death of (sic.) the surviving sister what is left to go to my niece, Anna Mabel Jones. Should my brother J. Hawley Jones be living, and in need, she is to help him as I should.

"My funeral expenses are not to exceed $150.00.

"ANNA D. JONES."

It is the contention of appellant that although the will disinherits him, it does not make a complete disposition of the estate of the deceased, and that under the circumstances he may still claim the rights of an heir. He insists that Anna Mabel Jones is not a substitutionary legatee, and that the trial court did not so find, and it is argued that since Sara Jones McAdam and Anna Jones Nixon, sisters of the testatrix, preceded her in death, the dispositions to them failed, and that appellant, the brother, is entitled to inherit. Respondent claims the entire estate as a substitutionary legatee, under the provisions of section 1343 of the Civil Code, which reads:

"If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place. . . . ."

We think the intention of the testatrix is clearly expressed and free from ambiguity. By its language it is plain that she intended to leave no legacy to J. Hawley Jones, her brother. It is stated in words which permit of no doubt that it was her purpose to give Anna Mabel Jones whatever of her estate should remain after the death of the survivor of her two sisters named as legatees. In the face of this language, "what is left to go to my niece, Anna Mabel Jones," it cannot be said that the will does not dispose of the entire estate. It does this, and to others than appellant, and it also expressly excludes him from any direct bequest.

Hence, there is nothing of the estate to be claimed by heirs at law. If this is so, even under appellant's theory he cannot prevail.

It was the intention of the testatrix that all of her estate not devised to her two sisters above mentioned should go to Anna Mabel Jones. This is indicated by the provision that: "In the event of the death of either sister, the survivor inherits, and on the death of the surviving sister what is left to go to my niece, Anna Mabel Jones. Should my brother, J. Hawley Jones, be living, and in need, she is to help him as I should." The mere fact that both sisters died before the testatrix, and that therefore the· legacies to them failed, furnishes no basis to declare that the subsequent provision directing the disposition of the residue of the estate should be defeated. To so hold would conflict with the doctrine stated in *Estate of Gregory*, 12 Cal. App. 309 [107 Pac. 566], and *Estate of Heberle*, 155 Cal. 723 [102 Pac. 935]. It is true, in the last-named matter the will expressly provided that if the testator's sister's death should occur prior to her receiving her legacy it should be otherwise disposed of. We think the same intention is unmistakably shown in the will here under consideration. *Estate of Fritz*, 85 Cal. App. 500 [259 Pac. 922], strongly relied upon by appellant, is not in point because, as stressed in the opinion, in no part of the will was there expressed the intention "that the surplus of the estate shall be taken by the person there designated."

We conclude that the sisters of the deceased, Sara Jones McAdam and Emma Jones Nixon, received estates terminable as to each by her death, and that Anna Mabel Jones was given the residue of the estate of Anna D. Jones in fee.

The judgment is affirmed.

Thompson (Ira F.), J., concurred.

Works, P. J., being absent, did not join in this opinion.