[Civ. No. 243.   Fourth   Appellate   District.—July   3,   1930.]

CLARA E. HUNTOON, Appellant, v. SOUTHERN TRUST
    & COMMERCE BANK (a Corporation) et al., Re-
    spondents.

F. L. Richardson and Joseph M. Glasgow for Appellant.

E. E. Hubbell, John T. Hon and Hamilton & Lindley for Respondents.

BARNARD, J.—This is an action in equity brought by the plaintiff as an heir at law and one of the legatees and devisees under the last will and testament of her mother, Mary Moser, deceased. The suit was brought against the various defendants for the purpose of declaring a trust in certain parcels of real estate and directing the defendants to convey the legal title to said property to the estate of Mary Moser, deceased, and for general relief. The complaint alleges that Mary Moser died testate on November 20, 1926, and that the defendant Edwin L. Head, a son of decedent, is the administrator with the will annexed of her estate. The complaint sets up a trust deed executed by the decedent to the defendant Southern Trust & Commerce Bank, duly recorded, the important portion thereof reading as follows:

"I, Mary Moser, a widow, for and in consideration of Ten and 00/100 Dollars, Do Hereby Grant to the Southern Trust & Commerce Bank of San Diego, a corporation, as trustee, with the express power to sell and convey the property herein described (here follows a description of the real estate, including the land here involved). To Have and to Hold the above granted and described premises unto the said Grantee, as such trustee, his successors and assigns forever."

The complaint then states that the Southern Trust & Commerce Bank claims to have a letter of instructions which accompanied said deed, reading as follows:

"Sacramento, California May 6, 1920.
"Southern Trust & Commerce Bank, San Diego, California.
"Gentlemen:

"I herewith enclose a trust deed to certain property described therein, located on Point Loma Beach, and hereby

instruct you to sell the same at the following prices net to me:

"Block 179 of Roseville (Pt. Loma) for the sum of ...............................................$3800.00
"Lots 1, 2, 3 and 23, Block 15, Del Mar Heights, for the sum of................................. 50.00
"Lots 45, 46, 47 and 48 in Block 39 of Ocean Beach, for the sum of....................... 600.00

$4450.00

"In the event of sale, I hereby authorize you to deduct the expense of sale and to remit one-half the proceeds to me or to my son, Mr. E. L. Head of Sacramento, California, and the remaining half to Wright & McKee, attorneys at law, San Diego, California.

"Yours very truly,
"MRS. MARY MOSER."

Paragraph XIII of the complaint alleges that the real estate involved was not sold and conveyed in accordance with the purported instrument creating the trust, in that it was not sold immediately or within a reasonable time, and in that it was not sold and conveyed within the lifetime of the said Mary Moser. Paragraph XIV alleges there was no consideration for said trust deed, and if it was ever accepted by the Southern Trust & Commerce Bank it was not fulfilled by it but was abandoned and thus terminated long before the death of Mary Moser, which occurred more than six and one-half years after the execution of the instrument. Paragraph XV alleges that by reason of such abandonment and termination of the trust the said Mary Moser was entitled to a reconveyance of said real estate before her death and that said real estate now belongs to and is a part of her estate. Paragraph XIX alleges, on information and belief, that the Southern Trust & Commerce Bank, or its successor in interest, conveyed block 179 of Roseville to the Southern Title & Trust Company as a purported sale thereof; that some of said defendants sold and transferred said real estate to the defendant Hawley-Kramer Syndicate, Inc., for the sum of $12,000; and that the exact consideration for said transfer is unknown to the plaintiff, but that defendants Wright & McKee and Edwin L. Head have appropriated or are about to wrongfully appropriate the proceeds

of said sale to themselves, and are claiming for themselves the remainder of said real estate now in possession of said Southern Trust & Commerce Bank, or its successor in interest, the Bank of Italy National Trust & Savings Association. It is further alleged, on information and belief, that at the time said block 179 of Roseville was thus conveyed to defendant Southern Title & Trust Company, and at the time it was conveyed by that company to the defendant Hawley-Kramer Syndicate, Inc., both of said defendants well knew that said Southern Trust & Commerce Bank, or its successor in interest, "did not have the right to convey said real estate and had full knowledge of said trust deed and well knew that said real estate had only been transferred to said Southern Trust & Commerce Bank by said Mary Moser, deceased, for the purpose of enabling said bank to sell the same, and well knew that the time in which said sale and transfer should be made had long since expired, and that said Southern Trust & Commerce Bank, or its successor in interest, had no right to make said conveyance and that said conveyance to said Southern Title & Trust Company was without any consideration whatsoever and that the consideration for said transfer by said defendant Southern Title & Trust Company to said Hawley-Kramer Syndicate, Inc., was inadequate and not the true and actual value of said real estate, and said defendants well knew at the time said transfer of said real estate was made to them that said transfer to said defendant Southern Trust & Commerce Bank was without consideration."

Demurrers to said complaint were interposed by each of the defendants, and all of said demurrers were overruled except the demurrer of Southern Title & Trust Company, a corporation, and the demurrer of Hawley-Kramer Syndicate, Inc., a corporation, which last two demurrers were sustained, upon the ground that the complaint does not show, as to these two defendants, that they had notice that the trust had been violated; that they had known that the express trust had been abandoned and was terminated; and that they were not innocent purchasers for value without notice. The trial court, in effect, held as to these defendants that they took the property, block 179 of Roseville, free from the trust. This being the second amended complaint, the demurrers were sustained, without leave to amend.

Thereafter, a judgment of dismissal as to these two last-named defendants was entered, and from that judgment the plaintiff has appealed.

Assuming, but not deciding, that section 869a of the Civil Code has no application to the facts in this case, the same having been adopted after the creation of the trust here in question, we are of the opinion that the action of the trial court complained of must be sustained.

It is argued that notice of a trust will be imputed to a purchaser when there is a declaration or recital in the trust deed, either asserting the existence of the trust or sufficient to put a man of common prudence upon inquiry, and that this is constructive notice of everything to which such inquiry would presumably lead. A number of cases from other jurisdictions are cited. Also the case of *Crouse-Prouty* v. *Rogers,* 33 Cal. App. 246 [164 Pac. 901]. In this case it was held that where a defendant received a deed which contained in itself notice that the grantor, if he had any title whatever to the land, had nothing more than a bare legal title, such defendant took such title subject to the trust in favor of the real owner of the land. Reliance is also placed upon *Chapman* v. *Hughes,* 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982], but we are unable to find anything in that case to sustain appellant's position. Appellant then cites, upon the question of the effect of notice, the case of *Bell* v. *Pleasant,* 145 Cal. 410 [104 Am. St. Rep. 61, 78 Pac. 957], and a number of other California cases which determine the position of subsequent purchasers or encumbrancers, who take with actual knowledge of a prior, though unrecorded, instrument. These cases are not very helpful on the question before us. It is, of course, true that knowledge may be imputed to the grantee in a deed from a trustee, where the facts are such as to put a prudent man upon inquiry as to the state of the title. (*Fletcher* v. *Allen,* 51 Cal. App. 774 [197 Pac. 952].) It has been held that possession of the property, and the exercise of rights which imported absolute ownership by one who held the legal title, may relieve the transferee from the responsibility of making inquiries as to the state of the title. (*Marshall* v. *Farmers' Bank of Fresno,* 115 Cal. 330 [42 Pac. 418, 47 Pac. 52].) Prior to the adoption of section 869a of the Civil Code it was held that the use of the word "trustee"

in the instrument was sufficient to put the grantee on notice. (*Carrillo* v. *McPhillips*, 55 Cal. 130; *Keeney* v. *Bank of Italy*, 33 Cal. App. 515 [165 Pac. 735].) But while the instrument here involved designates the Southern Trust & Commerce Bank as a trustee, it expressly gives such trustee power to sell and convey the real property in question. Under such circumstances the reasons which lie behind the rule referred to cease to exist. The grantor having expressly clothed the trustee with not only the legal title, but the power to sell and convey, and a vendee being thus notified that the trustee has this power of conveyance, we think the purchaser from such a trustee is not charged with notice as to any other conditions of the trust, and that a deed from such a trustee will convey title in the real property conveyed, free from any claim of the trustor or beneficiaries of the trust. ■ The authority of a trustee to transfer trust property depends upon the terms of the instrument by which the trust is created. (*Goad* v. *Montgomery*, 119 Cal. 552 [63 Am. St. Rep. 145, 51 Pac. 681].) Where a trustee is expressly empowered to sell, his deed vests title in the purchaser. (*Estate of Aldersley*, 174 Cal. 366 [163 Pac. 206]; *Kidwell* v. *Brummagim*, 32 Cal. 436; *Lawrence* v. *Wilson*, 44 Cal. App. 690 [187 Pac. 30]; *In re Williams*, 92 Cal. 183 [28 Pac. 227, 679]; *Brown* v. *San Francisco Gas Light Co.*, 58 Cal. 426; *Le Roy* v. *Dunkerly*, 54 Cal. 452.) It has been held where a trustee was empowered to sell the property the purchaser will be protected although the sale be made in violation of the trustee's duty to the beneficiaries. (*Thompson* v. *McKay*, 41 Cal. 221.)

The complaint alleges, however, that these two defendants knew that the time during which such a sale and transfer could be made had long since expired, and that no right remained in the trustee to convey the property, and also knew that said deed in trust from Mrs. Moser to the Southern Trust & Commerce Bank was without consideration. This brings us to the question as to whether, assuming that these two defendants knew the contents of the letter of instructions above set forth, a cause of action is stated against them. ■ Leaving out of consideration the interest of other parties in this trusteeship, a consideration is not necessary to a voluntary transfer of real property. (Civ. Code, sec. 1040.) A deed without consideration is valid if

it is executed voluntarily by the grantor, with knowledge of its contents and with the intent to convey the property described. (*Lieman* v. *Golly*, 178 Cal. 544 [174 Pac. 33]; *Broaddus* v. *James*, 13 Cal. App. 464 [110 Pac. 158].) Such a deed can only be attacked by such persons as have superior equities which the grantor had no right to cut off, such, for instance, as creditors of the grantor. (*Tillaux* v. *Tillaux*, 115 Cal. 663 [47 Pac. 691].) ■ Neither is the acceptance of the trustee necessary to the validity of a trust deed, for the reason that if a trustee refuses or is unable to act, a court of equity will substitute a new trustee and execute the trust. (*Smith* v. *Davis*, 90 Cal. 25 [25 Am. St. Rep. 92, 27 Pac. 26].) ■ The appellant argues that by the terms of the instrument creating this trust the time for making the sale or sales was limited; that in any event the sales would have to be made within a reasonable time; that this was not done, and that, therefore, the trust was abandoned by the trustee and thereby terminated, and as a result thereof the title to the property reverted to Mrs. Moser, or her estate. Reliance is placed upon the case of *In re Leavitt*, 8 Cal. App. 756 [97 Pac. 616], and *Schlessinger* v. *Mallard*, 70 Cal. 326 [11 Pac. 728]. A casual reading of these cases will show that they do not support this contention. Where property is deeded to a trustee with directions to sell the trust property, delay or even failure upon the part of the trustee to sell the property does not destroy the trust or vest the title in the beneficiaries, but under such circumstances the beneficiaries are limited to an application to the court to compel an execution of the trust or for removal of the offending trustee. (*Fatjo* v. *Swasey*, 111 Cal. 628 [44 Pac. 225].) In *Estate of Heberle*, 155 Cal. 723 [102 Pac. 935], it was held that it was the duty of a trustee, in the absence of specific directions, to take such a reasonable time as might be required to avoid a sacrifice in selling trust property. The court also held that the power of the court could be invoked at any time to prevent an unreasonable delay. ■ We think these well-established rules apply to the facts in this case, and that they are especially applicable where a third party has purchased land from a trustee under such a state of facts as here shown. The trustee is here given the absolute right to sell and convey the property; the letter of instructions

confirms existence of such a right, and no limitation of time is placed upon the exercise of the power. If it be assumed that these two defendants had knowledge of the letter of instructions, nothing therein can be held to warn them that any such right of sale by the trustee had been lost or withdrawn. The beneficiaries of the trust had taken no action to compel performance of the acts required to be done, nor to remove the trustee and thus end its powers.

█ It is further urged by appellant that the letter of instructions was, at best, only an instruction to an agent, and it was revoked by the death of Mary Moser. Appellant cites *Krumdick* v. *White,* 92 Cal. 143 [28 Pac. 219]; *Lowrie* v. *Salz,* 75 Cal. 349 [17 Pac. 232]; *Frank* v. *Roe,* 70 Cal. 296 [11 Pac. 820]; *Ferris* v. *Irving,* 28 Cal. 645; *Travers* v. *Crane,* 15 Cal. 12, upon this point. While it cannot be questioned that an ordinary agency is revoked by the death of the principal, and while it has been held that a trustee is in some respects an agent, these cases have no application to such a state of facts as the one now before us. (*More* v. *Calkins,* 95 Cal. 435 [29 Am. St. Rep. 128, 30 Pac. 583]; *Aldersley* v. *McCloud,* 35 Cal. App. 22 [168 Pac. 1153].) Here the trustee had not only a bare legal title, but the right and duty to sell the property, with an obligation to pay one-half of the proceeds to parties other than the trustor, and to pay the other half of the proceeds to the trustor or to her son. Under such circumstances, the power of the trustee to sell was not revoked by the death of Mrs. Moser. In the case of *Finnie* v. *Smith,* 83 Cal. App. 707 [257 Pac. 866], it is held that where there is an express trust to sell real property and distribute the proceeds in a specified manner to designated beneficiaries, and where the declaration of trust conveys no reservation of title and no power of revocation, the entire title is vested in the trustee under the provisions of section 863 of the Civil Code. It was further held that under such circumstances the purchaser of the trust property is entitled to a decree quieting his title against the beneficiaries, and also that the beneficiaries are limited to the sole right to enforce a distribution of the proceeds of the sale and to have the provisions of the trust specifically carried out.

The allegations of this complaint to the effect that these two defendants knew the contents of the letter of instruc-

tions above set forth are not sufficient, therefore, to charge such knowledge on the part of these defendants as would make them other than purchasers for value.

■ It is next urged by appellant that a good cause of action is alleged in the complaint, in that the complaint alleges fraud in the transfer by the Southern Trust & Commerce Bank, or its successor, of block 179 of Roseville to Southern Title & Trust Company and Hawley-Kramer Syndicate, Inc. The only fraud alleged, however, as to this transfer is that the transfer was made with the knowledge on the part of these two defendants of the contents of the deed of trust and the letter of instructions, under which two instruments the trust was created, and that these defendants knew at the time that there had been no consideration for the original transfer from Mrs. Moser to the Southern Trust & Commerce Bank. As we have heretofore held, all of these facts, if known to the defendants, would not affect their position as purchasers for value. No other fraud is alleged, and if those facts were proved the plaintiff would still have no cause of action.

■ The only other point raised is that the court had no jurisdiction to enter a judgment as to these two defendants until the case had been decided as to the other defendants.

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." (Code Civ. Proc., sec. 579.)

The rule as to a single final judgment has no application to actions in which separate and independent relief is sought against several defendants. The relief sought against these two defendants is, in effect, to set aside this conveyance and place this particular real property back in the estate of the decedent, irrespective of any monetary damages. (Other issues are raised as to the other defendants.) If the allegations of the complaint were proved, a different form of relief might be secured against the rest of the defendants, and as against them other parcels of real property are involved. The real question raised, as far as these two defendants are concerned, is whether or not they are purchasers of the particular real estate here involved, for value, and without notice of anything that would set aside a con-

veyance to them. Under our view of the insufficiency of the allegations of the complaint as to these two defendants, no good reason appears why judgment should not have been rendered in their favor, leaving the plaintiff to pursue her action as to the other defendants. (*Rocca* v. *Steinmetz,* 189 Cal. 426 [208 Pac. 964]; *Trans-Pacific Trading Co.* v. *Patsy Frock & Romper Co.,* 189 Cal. 509 [209 Pac. 357]; *Rauer* v. *Hertweck,* 175 Cal. 278 [165 Pac. 946]; *Cole* v. *Roebling Const. Co.,* 156 Cal. 443 [105 Pac. 255]; *Bell* v. *Staacke,* 159 Cal. 193 [115 Pac. 221].) A several judgment was proper in this case. (*Parker* v. *Hardisty,* 54 Cal. App. 628 [202 Pac. 479].) These respondents are only interested in one parcel of several pieces of land described in the complaint, and only in one phase of the action as regards that particular land.

For the reasons given the judgment is affirmed.

Marks, Acting P. J., and Ames, J., *pro tem.,* concurred.