WILLYS-OVERLAND, INC., a Corporation, *Appellant*, v. NOR-
RIS D. BLAKE, J. H. WINCHESTER, PAUL CONANT, JULIA
CONANT, his Wife, GERTRUDE K. NIDAY, EDWARD W.
HOLDT, THEODOSIA HADLEY, W. D. DAILEY, F. B. ALBEE,
E. H. MOSHER, DARRELL B. JORDAN, LIZZIE A. JORDAN,
VICTOR B. JORDAN, ADELBERT JORDAN, DR. GEORGE E.
MILLER, DR. E. M. CRANE, MYRTLE B. WILCOX, CLYDE T.
RENWICK, J. E. NIDAY, C. H. WILLIAMS, ERLE B. REN-
WICK and ROY BOOTH, as Sheriff of Pinellas County, Flor-
ida, *Appellees*.

Division B.

Opinion filed April 23, 1929.

*Brandon, Gage, Hancock & Polhill* and *S. E. Simmons*,
for Appellant;

*VanFleet, Collins & Miller* and *Stanley M. Miller*, for
Appellees.

BUFORD, J.—The appellant procured a judgment against
one of the appellees, Erle B. Renwick, and placed execution
in the hands of the sheriff for collection. The sheriff levied

on certain lands in Pinellas County. The appellees (except Renwick and Booth as sheriff) filed a bill to enjoin the sale of certain lands levied upon claiming that they were the beneficial and equitable owners of an undivided 11/15 interest in the real estate and that Renwick held the legal title to the said property in trust for said complainants, and that Renwick was also the equitable and beneficial owner of an undivided 2/15 of the real estate. The bill alleged that Renwick was insolvent. The Willys-Overland Company filed its answer incorporating demurrers in the answer. A temporary restraining order was granted. Motion was made to dissolve the restraining order and on the 23rd day of December, 1927, the court made an order denying the motion to dissolve insofar as the same applied to all the property described in the bill of complaint except lot 26 of Florida Heights sub-division and lot 13 of Block A.

On the 25th day of January, 1928, the Court made a further order modifying the order of December 22nd, 1927, as follows:

This cause coming on to be heard upon the defendant's Willys-Overland, Inc., a corporation, petition for rehearing on the order heretofore made and entered in this cause on December 22nd, A. D. 1927, and the same having been considered by this court; whereupon—

IT IS ORDERED, ADJUDGED AND DECREED: That said petition for rehearing be and the same is hereby granted.

Upon a rehearing of this matter there being present counsel for complainants and counsel for the defendant, Willys-Overland, Inc., a corporation, and the cause having been argued by respective counsel, and this court being fully advised in the premises; it is thereupon—

ORDERED, ADJUDGED AND DECREED that the order heretofore entered in said cause on December 22nd, A. D. 1927, be modified in the following particulars and respects, to-wit:

The injunction heretofore granted in said cause restraining the sale under execution by the Defendant, Roy Boorth as Sheriff of Pinellas County, Florida, of the following described property, to-wit:

Lot Four (4) of Block Five (5), Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Eight (8) and Ten (10) of Block Eight (8), and Lot Five (5) of Block Ten (10) of the Erle Renwick Sub-division Number 4, according to the map or plat thereof on file and of record in the office of the Clerk of the Circuit Court of the County of Pinellas, State of Florida; and Lots One (1), Two (2), Three (3), Four (4) and Five (5) of the Re-Subdivision of the Erle Renwick Subdivision Number Four, as the same appears of record per plat recorded in Plat Book Number Fifteen, at page Fifty-seven of the Public Records of Pinellas County, State of Florida.

Be and the same is hereby dissolved as to an undivided four-fifteenths (4/15) interest in and to said property, and said injunction be, and the same is hereby affirmed and maintained in full force and effect as to the remaining eleven-fifteenths (11/15) in said property; upon further consideration it is—

ORDERED, ADJUDGED AND DECREED: That the order heretofore made and entered in this cause on December 22nd, A. D. 1927, be and the same is hereby affirmed in all other respects whatsoever.

DONE AND ORDERED IN CHAMBERS, at St. Petersburg, Florida, this 19th day of January, A. D. 1928.

From these orders appeal was taken.

The judgment of Willys-Overland Co., as shown by the answer and exhibits, was obtained on the 14th day of September, 1927.

The lands now involved in this appeal were conveyed by M. P. Lawrence and wife to "Erle B. Renwick, Trustee, with full power to sell, convey, transfer and encumber the within described real estate."

It is alleged in the sworn answer, and not contradicted, that there did not appear of record at the time of the recording of such deed or conveyance a declaration of trust by the grantee so described declaring the purposes of such trust, if any, or that the real estate is held other than for the benefit of the grantee.

The controlling question to be determined by this Court is whether or not the complainants in the court below possessed such rights as may be interposed against the right of judgment creditor to subject the property involved to sale and execution. Under the provisions of Sec. 5666, Comp. Gen. Laws of Fla., 1927, (Sec. 3793, R. G. S.) the conveyance under which Renwick acquired the property involved, vested in him a fee simple estate, with full power and authority to sell, convey and grant both the legal and beneficial interest in the real estate. The terms of the conveyance itself authorized him to encumber the real estate. This conveyance had stood on the public records from 1924 to 1927 and until after the judgment was obtained against Renwick without anything appearing of record, as is alleged in the pleadings, to show that any of the complainants in the court below had, or claimed, any beneficial interest in the property. The answer denies that the judgment creditor had any knowledge of any right or claim of any beneficial interest in the complainants. In Feinberg v. Stearns, 56 Fla. 279, 47 So. R. 797, this Court say:

An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds, and in order to deprive such judgment creditor of the protection of the recording statute it must be shown that he had notice in some recognized way of the rights of the party claiming under the unrecorded deed *at the time of the rendition of his judgment.*

And in Hunter v. State Bank of Florida, 65 Fla. 202, 61 So. R. 497, the Court say:

The lien of a judgment under the statute of Florida is effective only as to the beneficial interest of the judgment debtor in real estate. But if the record shows a beneficial interest in the judgment debtor and there are no circumstances to rebut such showing, or to put interested parties upon inquiry, when in fact the judgment debtor has no beneficial interest, or only a partial or qualified interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a *bona fide* judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or purchaser at a judgment sale under the judgment, reasonably may have acquired substantial rights on the faith of, or by reason of the record showing an interest in the judgment debtor, when in fact such interest belongs to another.

Both of the cases above referred to were decided by this Court prior to the enactment of Chapter 6925, Acts of 1915; which, as amended, is now referred to as Sec. 5666, Comp. Gen. Laws 1927.

Our conclusion is that the parties to this suit occupy the same legal relation toward one another and their respective rights are the same insofar as the questions raised in this litigation are concerned, as if the word ''Trustee'' had not

appeared in the conveyance from P. M. Lawrence and wife to Renwick. That the inclusion of the word ''Trustee'' in the conveyance in nowise affected the legal right of the judgment creditor to subject the property included in such conveyance to the satisfaction of his judgment when such judgment was obtained without any other notice, by record or otherwise, of the claims of beneficial interests of third parties in and to such property.

For the reasons stated, the orders appealed from should be reversed and it is so ordered.

Reversed.

TERRELL, C. J., AND ELLIS, WHITFIELD AND STRUM, J. J., concur.

BROWN, J., dissents.