E. HARRIS DREW, Associate Judge.
The trial court enjoined the State Board of Conservation from enforcing one of its rules but required the successful applicant for the injunction to post an injunction bond conditioned to pay all costs and damages the defendants may sustain by reason of suing out such temporary restraining order should the injunction be dissolved or the cause dismissed. No copy of the injunction bond appears in the record before us but we assume it was conditioned in accordance with the requirements of the order.
On final hearing the trial court entered its decree holding the subject rule to be invalid and making permanent the temporary injunction theretofore entered, whereupon an appeal was duly taken to this court.
The subject motion is premature. Until this cause has been finally determined the bond posted remains in force. Should the appellate court reverse the trial court and the eventual order of that court be one which in effect dissolves the temporary restraining order entered by it, the obligors on the bond would become liable for such lawful damages as the State Board might have suffered under the express conditions of the order requiring it and the bond itself. In Willys-Overland, Inc. v. Blake, 1929, 97 Fla. 626, 121 So. 884, the Supreme Court reversed a decree of the trial court awarding a temporary injunction which enjoined the sale of certain real property under execution. Suit was instituted on the injunction bond and in National Surety Co. v. Willys-Overland, Inc., 1931, 103 Fla. 738, 138 So. 24, 25, the Supreme Court held:
“The effect of the decision and mandate of the Supreme Court [in Willys-Overland, Inc. v. Blake, supra] was to dissolve the injunction on its merits. The general rule in this state as is apparently true elsewhere, where the rules are similar, is that a dissolution of an injunction upon the merits *898 operates as an adjudication that it was improperly issued.”
The question of the measure of damages which may be recovered under this bond in the event this cause is eventually determined in favor of appellant is not before us upon this motion for dissolution of the bond.[1]
Motion denied.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. See 28 Am.Jur. Injunctions, para. 343.