KLOTZ, Respondent, v. WATHEN and others, Appellants.*

*April 13—May 10, 1966.*

* Motion for rehearing denied, with costs, on July 1, 1966.

20

For the appellants there were briefs by *Foley, Sammond & Lardner* and *John R. Collins*, all of Milwaukee, and *Stickler, Lederer & Fox, Philip C. Lederer*, and *W. Yale Matheson*, all of Chicago, Illinois, and oral argument by *Mr. Collins* and *Mr. Philip C. Lederer*.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *John T. McCann* of counsel, both of Milwaukee, and oral argument by *John T. McCann*.

CURRIE, C. J.    Plaintiff-respondent initially raises the contention that the trial court's order denying defendants-appellants' motion to dismiss is not appealable. However, this order determining that the court has subject-matter jurisdiction appears to be clearly appealable under sec. 274.33 (3), Stats., which states that an order is appealable if it "decides a question of jurisdiction." This statute has been interpreted by this court to include

orders determining subject-matter jurisdiction as well as personal jurisdiction.[1]

Defendants contend on this appeal that the trial court erred in not granting their motion to dismiss because the subject matter of plaintiff's cause of action is arguably subject to the provisions of secs. 7 and 8 of the National Labor Relations Act (hereinafter "NLRA").[2]

Sec. 7 of the NLRA *protects* the rights of employees to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, . . ." Sec. 8 of the NLRA *prohibits* an employer from engaging in unfair labor practices. Among other activities, it is an unfair labor practice for an employer:

"(1)   to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title [sec. 7 of NLRA]; . . .

". . .

"(3)   by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: . . ."[3]

The present test for preemption under the NLRA is probably best stated in *San Diego Unions v. Garmon.*[4] For the purposes of this appeal, the following is the controlling statement in the *Garmon* opinion:

---

[1] *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. (2d) 282, 286, 120 N. W. (2d) 151; *Vande Voort v. Stern* (1962), 16 Wis. (2d) 85, 90, 114 N. W. (2d) 126. Also see *Hanna Mining Co. v. District 2, etc., Asso.* (1964), 23 Wis. (2d) 433, 127 N. W. (2d) 393, reversed on another point, 382 U. S. 181, 86 Sup. Ct. 327, 15 L. Ed. (2d) 254, in which an order denying a motion to dismiss based on the identical ground presented in the instant case was appealed and heard by this court.

[2] 29 USCA, secs. 157 and 158.

[3] 29 USCA, sec. 158(a)(1) and (3).

[4] (1959), 359 U. S. 236, 79 Sup. Ct. 773, 3 L. Ed. (2d) 775.

"When an activity is arguably subject to sec. 7 or sec. 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." [5]

There are two recognized exceptions to this test, *i.e.*, (1) matters that are of only peripheral concern to the NLRA, and (2) where the regulated conduct touches "interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction" it could not be inferred that Congress had deprived the states of power to act.[6] The facts in the instant case do not fall within either of these exceptions.

In determining whether the conduct of defendants for which plaintiff seeks recovery of damages is arguably subject to NLRB cognizance our first resort must be to the pleadings.[7] The complaint contains no mention of

[5] Id. at page 245. For a comment on this test see Smith and Clark, Reappraisal of the Role of the States in Shaping Labor Relations Law, 1965 Wisconsin Law Review, 411, 418–420. Wisconsin cases which have applied the *Garmon Case* test include: *Local 248, U. A., A. & A. I. W. v. Wisconsin Employment Relations Board* (1960), 11 Wis. (2d) 277, 284, 285, 105 N. W. (2d) 271 (certiorari denied (1961), 365 U. S. 878, 81 Sup. Ct. 1028, 6 L. Ed. (2d) 190) ; *Moreland Corp. v. Retail Store Employees Union* (1962), 16 Wis. (2d) 499, 114 N. W. (2d) 876; *Markham v. American Motors Corp.* (1964), 22 Wis. (2d) 680, 685, 126 N. W. (2d) 753; *Hanna Mining Co. v. District 2, etc., Asso., supra,* footnote 1, 23 Wis. (2d) at pages 440–442.

[6] Id. at pages 243, 244. See *Walker Mfg. Co. v. Industrial Comm.* (1965), 27 Wis. (2d) 669, 135 N. W. (2d) 307, for an illustration of the "peripheral concern" exception. Instances of overriding state interest are preservation of domestic peace (*Automobile Workers v. Russell* (1958), 356 U. S. 634, 78 Sup. Ct. 932, 2 L. Ed. (2d) 1030), and redressing malicious libel (*Linn v. Plant Guard Workers* (1966), 383 U. S. 53, 86 Sup. Ct. 657, 15 L. Ed. (2d) 582).

[7] *International Asso. of Machinists v. Gonzales* (1958), 356 U. S. 617, footnote page 622, 78 Sup. Ct. 923, 2 L. Ed. (2d) 1018, quoting from the opinion in the California appellate court reported as *Gonzales v. International Asso. of Machinists* (1956), 142 Cal. App. (2d) 207, 217, 298 Pac. (2d) 92.

any fact which would indicate that plaintiff was discharged by Allstate because of any union activity on plaintiff's part. The ground of discharge alleged was that plaintiff had overpaid claims and it is asserted that this was brought about by the defendants tortiously conspiring together and supplying Allstate with false information. There is nothing in the complaint to suggest that plaintiff brought his action against the defendant executives rather than Allstate in a calculated endeavor to circumvent NLRB jurisdiction.

When we turn to the defendants' answers we find no allegation that plaintiff was discharged by Allstate because of any union activities. Instead it is alleged that each answering defendant's acts toward plaintiff were within the scope of the defendant's duties as an employee of Allstate and that Allstate is engaged in interstate commerce under the terms of NLRA, as amended. This is a *non sequitur* insofar as the preemption issue is concerned. An employer in interstate commerce can engage in many activities toward its employees which are not in themselves arguably subject to secs. 7 or 8 of the NLRA. In the instant case to be subject to secs. 7 or 8 the employer activities must at least purport to adversely affect the employees' rights protected by sec. 7, or evince discrimination based on the employees' membership in a labor organization.

Thus the pleadings do not make out a case of arguable preemption. This leaves only the affidavits filed in support of, or in opposition to, the motion to dismiss. Defendants rely upon the Olhasso affidavits wherein it is averred that six days after plaintiff's discharge by Allstate the union attorney Eisenberg stated in the NLRB offices at Milwaukee that this discharge was due to the filing of the union's petition for certification. We deem that this statement standing alone is insufficient upon which to ground defendants' claim of preemption. The record is silent with respect to whether Eisenberg

had even discussed the discharge with plaintiff, or whether plaintiff was a union member or had engaged in any union organization activities. Eisenberg's statement may well have been based on nothing more tangible than plaintiff's discharge occurring the day after the filing of the petition for certification. Not only has no complaint been filed with the counsel of the NLRB alleging the discharge as an unfair labor practice but apparently there has been no threat to do so.

We consider particularly apropos the following statement made by the California supreme court:

"It is true that Garmon held that when 'an activity is arguably subject to sec. 7 or sec. 8 of the Act' the Board has exclusive jurisdiction in the first instance. But certainly by using the term 'arguably' Mr. Justice Frankfurter did not mean to imply that a litigant can cause a state court to lose jurisdiction merely by the assertion that the particular activity is either protected by section 7 or prohibited by section 8. He must have meant 'susceptible of reasonable argument.' Otherwise, completely specious claims of activities within Board jurisdiction would automatically deprive state courts of jurisdiction until the Board has acted. No such result was intended." [8]

It is our considered judgment that as the record now stands there is no federal preemption.

Defendants have cited a number of "wrongful discharge" cases, in which the subject matter was determined to be arguably subject to secs. 7 or 8 of the NLRA, but have failed to produce one case with a fact situation similar to the instant case. *Iron Workers v. Perko* [9] is heavily relied on by appellants. In that case plaintiff union member brought suit against his local union, asking for damages for an alleged conspiracy which deprived him of his right to continue work and resulted in his discharge. The United States supreme court de-

---

[8] *Grunwald-Marx, Inc., v. Los Angeles Joint Board* (1959), 52 Cal. (2d) 568, 584, 343 Pac. (2d) 23.

[9] (1963), 373 U. S. 701, 83 Sup. Ct. 1429, 10 L. Ed. (2d) 646.

termined that the state court did not have jurisdiction to hear the suit as it arguably involved an unfair labor practice. The court noted, however, that plaintiff's complaint arguably alleged conduct on defendant's part falling "within the ambit of the unfair labor practices prohibited by secs. 8 (b) (1) (A) and 8 (b) (2) of the Act." [10]

*Plumbers' Union v. Borden* [11] decided at the same time as *Perko* and also relied on by appellants, similarly involved a suit by a union member against his local union alleging a wrongful and malicious interference with plaintiff's right to work.

The *Perko* and *Borden Cases* are readily distinguishable from the instant case because in those two cases the pleadings disclosed conduct on the part of the defendant unions that arguably constituted unfair labor practices under sec. 8 of the NLRA, as amended. [12] As previously pointed out herein this is not true in the instant case. We have also examined other cases cited by defendants on the preemption issue and find none of them in point.

We deem more in point this court's decision in *Markham v. American Motors Corp.* [13] in which the plaintiffs' complaint alleged acts by defendant employer engaged in interstate commerce which could be interpreted as being unfair labor practices as well as constituting breaches of collective bargaining contracts. Because of the allegations which could be interpreted as alleging unfair labor practices the circuit court held that it lacked jurisdiction of the subject of the action on the ground of NLRB preemption. However, on oral argument on the appeal in this court counsel for plaintiffs expressly disclaimed any reliance on allegations of the complaint which charged defendant with any act of unfair labor

---

[10] Id. at pages 706, 707.

[11] (1963), 373 U. S. 690, 83 Sup. Ct. 1423, 10 L. Ed. (2d) 638.

[12] Under sec. 8 (b) (1) (A) it is an unfair labor practice for a union to restrain or coerce employees in the exercise of their rights guaranteed by sec. 7 of the Act.

[13] *Supra,* footnote 5.

practice and stated that plaintiffs relied solely on a cause of action for breach of contract. In disposing of defendant's claim of preemption, the opinion stated:

"We accept this disclaimer and consider its effect is to strike from the complaint the allegations which charge defendants with any unfair labor practice apart from breach of contract. As a result any issue of federal preemption has been eliminated." [14]

Here not only has the plaintiff never alleged any conduct on the part of defendants that would constitute a charge of unfair labor practice against Allstate, but the arguments advanced in their briefs negate the existence of any unfair labor practice.

*By the Court.*—Order affirmed.