CHARLES CARROLL, Chief Judge.
In a suit for injunction and other relief, brought by the plaintiff-appellee against the appellant, the plaintiff was granted a restraining order enjoining the defendant-appellant from certain picketing actions pendente lite. The court required the plaintiff to file an injunction bond with good and sufficient surety, in the amount of $500. No copy of the bond appears in the record before us but we assume it was in form and conditioned according to the requirements of law for such a bond. The defendant moved for dissolution of the injunction. The motion to dissolve was denied on July 13, 1966. A petition of the defendant for rehearing addressed thereto was denied on July 29, 1966. On the same date the trial court granted a motion of the defendant to increase the amount of the bond, and ordered that the injunction bond be increased to $5,000. An interlocutory appeal was taken by the defendant from the order denying motion to dissolve the injunction and denying the petition for rehearing. That appeal, filed on or about August 18, 1966, ended in an affirmance by this court on December 20, 1966. See International Longshoremen’s Ass’n, Local *474 1416, AFL-CIO v. Eastern Steamship Lines, Inc., Fla.App.1966, 193 So.2d 73.
Approximately a year later, by an order dated July 5, 1967, amended by an order dated July 27, 1967, the trial court denied a motion of the defendant for summary judgment, granted the plaintiff’s motion for final summary judgment and made permanent the injunction which had been entered pendente lite. On August 3, 1967 the defendant filed an appeal from the final judgment of July 5, 1967 as amended by the subsequent order of July 27, 1967, by which the injunction was made permanent, which appeal is now pending in this court.
Thereafter, on August 25, 1967 the plaintiff moved in the trial court to dissolve the bond which had been required to be filed incident to the temporary injunction, alleging as ground therefor this court’s affirmance of the temporary injunction order. On October 5, 1967 the trial court entered an order cancelling the bond and releasing the surety from liability thereon, in the following language: “Ordered and adjudged, that the temporary injunction bond be and hereby is dissolved and further that the surety thereon be and hereby is discharged.”
From that order, entered more than 60 days after the entry of the final decree, the defendant has prosecuted this interlocutory appeal. Upon so appealing, the defendant applied to the trial court for an order setting a supersedeas bond for the purpose of superseding the order cancelling the bond and releasing the surety. Upon denial of that motion by the trial court the appellant, defendant below, petitioned this court for review of the order denying su-persedeas, pursuant to rule 5.10 F.A.R., 32 F.S.A., and the matter is now before us on that petition.
In support of the petition for review, and in the interlocutory appeal which is now perfected and before us for decision, the appellant contends that it is entitled to a supersedeas for the reason that otherwise, in the event the defendant should prevail in its separate appeal which is now pending directed to the final decree in a manner which would entitle it to damages on the injunction bond for the period of the pendency of the suit and prior to final decree, the order presently complained of cancelling the bond and releasing the surety would operate to prevent recovery on the bond.
Having heard the parties on the petition for review of the order denying superse-deas, we proceed to a determination of the interlocutory appeal without further argument. On the authority of Collins v. Horten, Fla.App.1959, 112 So.2d 897, we hold that the trial court committed error in can-celling the injunction bond and releasing the surety. Cf. Galloway v. Musgrave, Fla.App.1963, 154 So.2d 846, 850. In Collins v. Horten, supra, such a motion for cancellation of bond and release of surety, notwithstanding the entry of a decree making the injunction permanent, was held to be premature, where by virtue of a pending appeal from the final decree the cause had not finally been determined, and it was held that meanwhile the bond should remain in force.
A bond is not required for a permanent injunction entered on final decree, and upon entry of such a final decree it is proper to cancel the previously required bond and release the principal and surety from any further liability thereunder. But it was error to enter an order having the effect of releasing the surety from liability on the bond for the period prior to final decree, under which bond the surety could be liable in damages in the event of a reversal of the final decree on appeal.
Accordingly, the order of the trial court dated October 5, 1967 dissolving the injunction bond and discharging the surety from liability thereon be and it is hereby reversed, making unnecessary a ruling by this court on the petition with relation to supersedeas.
Reversed.