PER CURIAM.
By this appeal, we are called upon to review the propriety of a final order per *859 manently enjoining certain activity by the appellant union. Following the filing of a verified complaint and the issuance of a temporary injunction, the union sought to dissolve same, which motion was denied. In denying said motion, the trial court said, in part, the following:
“THIS CAUSE CAME on to be heard before this Court upon Defendant’s Motion to Dissolve and/or Vacate Temporary Injunction and Defendant’s Special Motion to Dismiss and/or Quash the Complaint, and the Court having considered evidence presented by Defendant and having heard argument of counsel and being fully advised in the premises, and being of the opinion that the Defendant has failed at this time to prove lack of jurisdiction of this Court in this cause, but that jurisdiction may be one of the issues of fact and law to be determined at final hearing, it is therefore,
(( % * * * * * 9>
This order was appealed to this court and affirmed. See: International Longshoremen’s Association, Local 1416, AFL-CIO v. Eastern Steamship Lines, Inc., Fla.App. 1966, 193 So.2d 73.[1] Thereafter, the respective parties moved for summary orders or decrees in their favor, after which the circuit judge entered an amended order granting the relief sought by the plaintiff and made the temporary injunction theretofore issued permanent. A portion of the order under review reads as follows:
« >fi % * * *
“1. That the Plaintiff EASTERN STEAMSHIP LINES, INC., is engaged in activities which affect interstate commerce and/or foreign commerce in sufficient quantities for the National Labor Relations Board to assume jurisdiction of said employer and this cause;
“2. That the activities of the Defendant Labor Organization in engaging in picketing of the Plaintiff EASTERN STEAMSHIP LINES, INC., do not constitute a labor dispute arguably subject to the jurisdiction of the National Labor Relations Board; * * *.
(( * ^ % * * * if
The appellant has duly prosecuted this appeal and contends that with the finding by the circuit judge that the appellee was engaged in interstate commerce in sufficient quantity to activate the jurisdiction of the National Labor Relations Board, it should have divested itself of jurisdiction because the labor activity involved constituted a dispute cognizable under the National Labor Relations Board Act.
It appears to us that the sole point for determination on this appeal is whether the supporting material relied on by the appellant [in its motion for summary relief] sufficiently raises an issue of whether or not the union’s activities were such as to constitute an arguable dispute under the National Labor Relations Board Act. The order under review having been rendered in response to a motion for summary relief, if any issue was presented by the affidavits, depositions, etc., presented by the appellant which would tend to show such a dispute, the injunction should not have been made permanent.
Examining the record in light of these principles, it appears that the appellant’s real grievance is with certain foreign flag ships, and the only employees who are allegedly paid substandard wages or who work in unsafe conditions are those employed by the foreign flag vessels and that there is in reality no dispute between the union and the appellee as to its employees concerning wages, hours, and working conditions. It has been held by the Federal courts that the National Labor Relations Board does not have jurisdiction over disputes between a union and a for *860 eign flag vessel. McCulloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547; Incres S. S. Co. v. Maritime Workers Union, 372 U.S. 24, 83 S.Ct. 611, 9 L.Ed.2d 557. This court has specifically approved an injunction in a companion proceeding wherein this very union attempted to picket the foreign flag vessels. See: International Longshoremen’s Association, Local 1416, AFL-CIO v. Ariadne Shipping Company, Fla.App. 1967, 195 So.2d 238.
 The record fails' to disclose any arguable labor dispute with the appellee, even though it (the appellee) ' may have been engaged in sufficient activities in interstate commerce to warrant the National Labor Relations.Board to take jurisdiction. This represented only one-half of the criteria necessary to divest the circuit court of jurisdiction. Without an arguable labor dispute under the National Labor Relations Board, there was no reason for the circuit court [a court of general jurisdiction] to divest itself of jurisdiction over the subject matter in favor of the federally created agency. See: Pleasant Valley Packing Company v. Talarico, 5 N.Y.2d 40, 177 N.Y.S.2d 473, 152 N.E.2d 505; Klotz v. Wathen, 31 Wis.2d 19, 142 N.W.2d 197. Two things must be present to require such disengagement of state jurisdiction: sufficient volume of commerce, and arguable labor dispute. National Labor Relations Board v. Fainblatt, 59 S.Ct. 668, 306 U.S. 601, 83 L.Ed. 1014; Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601; San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; National Labor Relations Board v. International Longshoremen’s Ass’n, 4th Cir.1964, 332 F.2d 992; 29 U.S. C.A. § 160(a).
The appellant also urges that the injunction is too broad in that it purports to enjoin activities in the future. There appears to be merit in this contention. It is possible that the union may become engaged in activities in the future addressed to the appellee, which might be in the nature of a bona fide arguable labor dispute under the National Labor Relations Board. And, if the appellee continues to be engaged in sufficient interstate commerce to warrant jurisdiction of the National Labor Relations Board, same should not be prohibited by the injunction under review in this cause.
Therefore, for the reasons above stated, the final order here under review be and the same is hereby affirmed, except as same is modified by the next above paragraph, to wit: that said permanent in-junctive order is not related to bona fide arguable labor disputes which might arise in the future against the appellee, provided the appellee is still engaged in sufficient commerce to warrant the jurisdiction of the National Labor Relations Board.
Affirmed as modified.

. See also: International Longshoremen’s Association, Local 1416, AFL-CIO v. Eastern Steamship Lines, Inc., Fla.App.1968, 206 So.2d 473, on a collateral matter.